Louisville, New Albany and Chicago Railway Co.

*v.*

William G. Patchen, Admr.

*Announced orally at Springfield October 7, 1897.*

1. Rehearings—*rule concerning filing of notice of rehearing with the clerk is imperative.* The rule that a party desiring a rehearing must file with the clerk, within fifteen days after the filing of the opinion in his case, a notice of his intention to file a petition for rehearing is imperative, and must be strictly complied with to entitle the case to be placed upon the rehearing docket.

2. Same—*Supreme Court rule 41 explained.* The purpose of Supreme Court rule 41, requiring the filing of notices of rehearing, is, that the clerk and the reporter may be advised of the status of the case; and where no notice of intention to file a petition for rehearing is filed with the clerk within .the fifteen days allowed, the litigation may be treated at an end, and the reporter is authorized to publish the opinion.

3. Same—*giving notice of rehearing to opposite party, only, is not sufficient.* The fact that a party desiring a rehearing has given notice to the opposite party within the time allowed does not relieve him of the duty of also filing a copy thereof with the clerk of the court within said time.

Motion to strike petition for rehearing from the files.

G. W. Kretzinger, for appellant.

George W. Plummer, and Wharton Plummer, for appellee.

The decision of this case upon its merits is reported *ante,* p. 204. The case was subsequently placed upon the rehearing docket by the clerk. Upon a motion to strike the petition from the files the following additional opinion was announced by Mr. Justice Wilkin:

This is a motion by appellee, William G. Patchen, administrator, to strike appellant's petition for rehearing from the files. It appears the opinion in this case was filed in the Northern Grand Division on June 8, 1897, and has been published in the advance sheets. (167 Ill. 204).

Within the fifteen days allowed by rule after such filing, appellant caused to be served on the attorneys of appellee a notice of appellant's intention to file a petition for rehearing, but no copy of such notice was filed with the clerk until June 30, 1897,—seven days after the time allowed by rule for such filing.   The practice rule referred to is numbered 41, and is as follows:

"The manner of applying for a rehearing shall be as follows:   Within fifteen days after an opinion is filed a party desiring a rehearing shall give actual notice, in writing, to the opposite party, or to his attorney, of his intention to make such application, and shall also, within the same time, file a copy of such notice with the clerk of this court in the grand division in which the cause may be pending, and within thirty days after the filing of the opinion shall place on file in the clerk's office ten printed copies of the petition."

The requirement of the above rule that a copy of the notice of an intention to apply for a rehearing shall be filed with the clerk within fifteen days from the filing of the opinion is imperative, and the same must be complied with strictly to entitle the cause to a place upon the rehearing docket.   Under the rules of this court governing the publication of decisions, the reporter of the court was authorized to forthwith proceed with the publication of the opinion if no notice of rehearing was filed with the clerk within the fifteen days allowed by the rule.   Not only was the reporter authorized to do so, but it is expressly made his duty to publish all opinions rapidly, where the publication is not arrested by the filing of the notice prescribed.   The requirement that a copy of the notice be filed with the clerk is for the very purpose of advising the reporter and the clerk of the status of the case, so they may govern their action accordingly.   The serving of a notice upon the opposing counsel in a distant part of the State has no tendency to advise the officers of the court of the intention of counsel with reference to a

rehearing, and they would be expected and required to treat the litigation as at an end where no copy is filed.

For the reasons given the motion will be allowed and the petition for rehearing will be stricken from the files.

*Motion allowed.*